**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 11 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YEOTA CHRISTIE,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, N.A., AS TRUSTEE; et al.,<br><br>        Defendants - Appellees. | No. 14-55012<br><br>D.C. No. 8:12-cv-01691-DOC-MLG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted May 5, 2015
Pasadena, California

Before: LIPEZ,[**] WARDLAW, and MURGUIA, Circuit Judges.

    Yeota Christie contends that she received demands for mortgage payments

from several entities that did not have the authority to make such demands: The

Bank of New York Mellon, N.A., as Trustee for the CWALT Pass-Through

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kermit V. Lipez, Senior Circuit Judge for the First Circuit, sitting by designation.

Certificates CWALT Series 2007-OA3 (the "CWALT Trust"); Bank of America, N.A.; BAC Home Loans Servicing, LP; and ReconTrust Company, N.A. (collectively, "Appellees"). Christie alleges that unauthorized and inauthentic assignments of her loan have rendered her Note and Deed of Trust void and that Appellees' efforts to collect her debt give rise to five causes of action.[1] The district court granted Appellees' motion to dismiss and Christie filed this timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. The district court properly dismissed Christie's claim for declaratory relief. Her arguments in support of such relief all fail because of lack of standing or plausibility. As a borrower, Christie does not have standing under California law to challenge irregularities in the assignment of her Note or Deed of Trust because those instruments are negotiable and her obligations thereunder remain unchanged even if her creditor changes. *See Jenkins v. JP Morgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 927 (Cal. Ct. App. 2013) (holding that a borrower lacks standing to challenge transfers of her promissory note to which the borrower is not a party); *see also In re Kirkland*, 915 F.2d 1236, 1238-39 (9th Cir. 1990) (holding that, when applying state law, this Court follows "the decision of the highest state court," or, in the absence of such a decision and any indication that

---

[1] A sixth cause of action, for quiet title, was not revived on appeal.

the highest court would rule differently, "the decisions of the state's intermediate courts").[2]

Christie's reliance on the California Commercial Code to confer standing is misplaced because nonjudicial foreclosures are exclusively governed by the Civil Code. *See Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 824 (Cal. Ct. App. 2011) (stating that the Civil Code sets forth a "comprehensive nonjudicial [foreclosure] scheme"). The Civil Code does not allow Christie to preemptively challenge her foreclosure. *See id.* ("[N]owhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action.").

Nor does Christie have standing to challenge the late assignment of her loan to the CWALT Trust under New York law since Christie is not an intended beneficiary of the CWALT Trust. *See Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 88 (2d Cir. 2014) ("[U]nder New York law, only the intended

---

[2] The California Supreme Court has agreed to review *Yvanova v. New Century Mortgage Corp.*, 172 Cal. Rptr. 3d 104 (Cal. Ct. App. 2014), to address the following question: "In an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void?" 331 P.3d 1275 (Cal. Aug. 27, 2014). None of Christie's causes of action are for wrongful foreclosure.

beneficiary of a private trust may enforce the terms of the trust."). *Glaski v. Bank of America, N.A.*, 160 Cal. Rptr. 3d 449 (Cal. App. Ct. 2013), is unpersuasive authority to the contrary given the vast weight of California precedent, *see, e.g., Yvanova v. New Century Mortg. Corp.*, 172 Cal. Rptr. 3d 104, 110 (Cal. Ct. App. 2014) ("[N]o California court has followed *Glaksi* . . . and many have pointedly rejected it."), and the Second Circuit's ruling in *Rajamin*, *see Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 16 (2004) ("Our custom on questions of state law ordinarily is to defer to the interpretation of the Court of Appeals for the Circuit in which the State is located."), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014).

Christie's reliance on the consent order between Bank of America and the U.S. Comptroller gains her nothing. As the district court held, Christie cannot enforce the consent order because she is only an incidental third-party beneficiary of that order. *See United States v. FMC Corp.*, 531 F.3d 813, 820 (9th Cir. 2008) ("[U]nder Ninth Circuit precedent, *incidental* third-party beneficiaries may not enforce consent decrees . . . ."); *see also Arizona v. California*, 530 U.S. 392, 414 (2000) ("[C]onsent judgments ordinarily support claim preclusion but not issue preclusion [i.e., collateral estoppel]." (internal quotation marks omitted)).

4

Finally, as the district court found, the annual report that Bank of America filed with the U.S. Securities and Exchange Commission does not plausibly reveal any information about Bank of America's handling of Christie's loan specifically. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard [for pleadings] is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

2. The district court properly dismissed Christie's negligence claim because she has not alleged that Appellees' role in the loan transaction exceeded that of a typical moneylender. Therefore, she has not alleged that Appellees owed her a duty of care. *See Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56 (Cal. Ct. App. 1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); *see also Kirkland*, 915 F.2d at 1238-39. Even if she had alleged a duty, she has not plausibly alleged a breach. Christie's breach argument is based on Appellees' alleged failure to properly assign her loan, but Christie's challenges to her loan assignments necessarily fail for the reasons discussed in section 1, *supra*.

3. The district court properly dismissed Christie's Fair Debt Collection Practices Act ("FDCPA") claim. *See* 15 U.S.C. § 1692e (prohibiting a "debt

5

collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt"). Christie alleges that, due to the unlawful assignment of her loan, Appellees misrepresented their right to collect loan payments. But as discussed in section 1, *supra*, Christie cannot successfully challenge Appellees' right to collect her debt. Since she does not allege any other way in which Appellees employed false or misleading representations, the FDCPA claim fails. In addition, the defendants named on this claim do not qualify as "debt collectors" within the meaning of the FDCPA because they became involved with Christie's debt before it was in default. *See id.* § 1692a(6)(F)(iii).

4. The district court properly dismissed Christie's Unfair Competition Law claim. *See* Cal. Bus. & Prof. Code § 17200 (prohibiting unlawful, unfair, or fraudulent business practices). Christie bases her theory of "unlawful" conduct on the Appellees' alleged violation of the FDCPA. But as discussed in section 3, *supra*, that argument fails. Nor can she support her Unfair Competition Law claim on the "unfair" or "fraudulent" prongs of the statute. Christie's allegations of "unfair" or "fraudulent" business practices derive from the allegation that Appellees did not have the legal authority to demand loan payments. But as discussed in section 1, *supra*, Christie's challenges to Appellees' authority to collect her debt fail.

6

5. The district court properly dismissed Christie's claim for cancellation of a written instrument.[3] *See* Cal. Civil Code § 3412 ("A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."). Her voidness argument derives from challenges to the assignment of her loan which, as discussed in section 1, *supra*, cannot succeed.

**AFFIRMED.**

---

[3] On appeal, Christie embraces the notion that her Motion to Cancel the Assignment of the Deed of Trust and her cause of action for cancellation of a written instrument rise or fall together. Consequently, the Motion was properly denied.